NUMBERS 13-08-00465-CR


 13-08-00466-CR

 13-08-00467-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

PAIGE SANDOVAL A/K/A PAGE SANDOVAL, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 148th District Court

of Nueces County, Texas.

 


 MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Benavides


 Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Paige Sandoval a/k/a Page Sandoval, pleaded guilty to three counts of
prostitution. See Tex. Penal Code Ann. § 43.02 (Vernon 2003). The trial court found the
evidence substantiated Sandoval's guilt as to each count, and after receiving evidence of
the enhancement allegations contained in the indictments, assessed punishment at
eighteen months' imprisonment for each count, with the sentences to run consecutively. (1) 
In a single issue, Sandoval contends that the trial court erred in cumulating his sentences. 
The State concurs. We modify the trial court's judgments, and affirm them as modified. 

I. Background

 Sandoval was charged by indictment on May 29, 2008 with two offenses of
prostitution. See id. On June 5, 2008, Sandoval was charged by indictment for an
additional offense of prostitution. (2) See id. On July 1, 2008, Sandoval, without a plea
agreement, pleaded guilty to each offense and "true" to the enhancement paragraphs in
each indictment. The trial court found Sandoval guilty of each offense, found the prior
convictions to be "true," and sentenced Sandoval to eighteen months' imprisonment for
each offense, with the sentences to run consecutively.

II. Cumulation of Sentences

 Texas Penal Code Section 3.03 provides that "sentences shall run concurrently"
when "the accused is found guilty of more than one offense arising out of the same criminal
episode prosecuted in a single criminal action." Tex. Penal Code Ann. § 3.03 (Vernon
Supp. 2008). A defendant is prosecuted in a "single criminal action" when the offense
arises out of the same criminal episode, even if multiple charging instruments provide the
basis for prosecution. LaPorte v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992). 
"Criminal episode" is defined as "the commission of two or more offenses, regardless of
whether the harm is directed toward or inflicted upon more than one person," where "the
offenses are the repeated commission of the same or similar offenses." Tex. Penal Code
Ann. § 3.01(2) (Vernon 2003). It is undisputed that Sandoval was "found guilty of more
than one offense arising out of the same criminal episode prosecuted in a single criminal
action." See id.; see also Guidry v. State, 909 S.W.2d 584, 585 (Tex. App.-Corpus Christi
1995, pet. ref'd) ("Section 3.01(2) does not impose a time differential between the
commission of the same or similar offenses."). Therefore, pursuant to section 3.03, the
trial court should have ordered the sentences to run concurrently. We sustain Sandoval's
sole issue and modify his sentence accordingly. See Beedy v. State, 250 S.W.3d 107, 113
(Tex. Crim App. 2008) (holding that an unlawful cumulation order is remedied by deleting
the cumulation order). 

III. Conclusion

 We modify the trial court's judgments to delete that portion requiring the cumulation
of sentences in these cases, and affirm the judgments as modified.

 _______________________ 

 ROGELIO VALDEZ

 Chief Justice

 

Do not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and

filed this the 24th day of August, 2009. 
1. The indictments alleged that Sandoval "had previously been convicted of three or more times of the
offense of Prostitution . . . ." Although prostitution is a Class B misdemeanor, "[i]f the actor has previously
been convicted three or more times of [prostitution] . . . the offense is a state jail felony." Tex. Penal Code
Ann. § 43.02 (Vernon 2003).
2. Each offense was assigned a separate cause number by the court below. The May 29th indictment 
charged Sandoval with one offense alleged to have occurred on April 23, 2008 and another offense alleged
to have occurred on February 29, 2008. These offenses were assigned trial court cause numbers 08-CR-1834-E and 08-CR-1835-E, respectively. The offense charged in the June 5th indictment was alleged to have
occurred on April 12, 2008, and it was given trial court cause number 08-CR-1924-E. On appeal, the April
23, 2008 offense has been assigned cause number 13-08-465-CR, the February 29, 2008 offense has been
assigned cause number 13-08-466-CR, and the April 12, 2008 offense has been assigned cause number 13-08-467-CR.